IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**LUCILO CABRERA,**

        **Petitioner,**

**v.**                                      **Case No.: 5:23-cv-00459**

**K. HECKARD, Warden,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Lucilo Cabrera filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking the application of time credits under the First Step Act. (ECF No. 1). Currently pending before the Court is a motion to dismiss, contained in the Warden's Response. (ECF No. 8). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 8), be **GRANTED** on other grounds; Cabrera's § 2241 petition, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED** and **REMOVED** from the docket of the court.

**I.    Relevant History**

Cabrera is a federal inmate currently incarcerated in Federal Correctional Institution Allenwood, with a projected release date of February 17, 2027. *See* Federal

Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/. Cabrera is serving a 135-month sentence imposed by the United States District Court for the District of Connecticut for kidnapping, Hobbs Act extortion, and conspiracy to commit the same, in violation of 18 U.S.C. § 1201 and 18 U.S.C. § 1951. *United States v. Cabrera*, 3:16-cr-00238-SRU-3, (D. Conn., Jan. 21, 2020), ECF 380. Cabrera filed the instant § 2241 petition on June 23, 2023, at which time he was incarcerated in Federal Correctional Institution Beckley in this district. (ECF No. 1 at 1, 8).

In his petition, Cabrera states that the BOP has erroneously classified him as ineligible to earn time credits under the First Step Act ("FSA"). (ECF No. 1 at 6). Cabrera also filed a memorandum of law, further explaining that the BOP has determined him to be ineligible to receive FSA time credits due to his convictions under 18 U.S.C. § 1201. (ECF No. 2 at 2). Cabrera argues that he is eligible to earn and apply FSA time credits, because he was a first-time offender and did not employ violence in committing his offense. (ECF No. 1 at 6). He requests the Court to order the BOP to apply his FSA time credits. (*Id.* at 7).

On July 28, 2023, the undersigned entered an order directing Respondent to show cause why Cabrera's requested relief should not be granted. (ECF No. 7). Respondent filed a Response on September 22, 2023, arguing that Cabrera's petition should be dismissed as unripe. (ECF No. 8). Respondent explains that an inmate may only apply FSA time credits towards supervised release once he has earned credits equal to the remainder of his sentence, up to 365 days in advance of his projected release date. (*Id.* at 5–6). Because Cabrera's release date is more than a year away, he could still lose any FSA time credits he has earned, and he is not yet eligible to apply them, meaning he has not yet suffered an injury. (*Id.* at 6). Cabrera did not file a Reply.

## II.     **Standard of Review**

Respondent requests that this Court dismiss Petitioner's § 2241 petition but does not identify the Rule of Civil Procedure that governs the motion. (*See* ECF No. 8). Because Respondent filed a Response concurrently with the motion to dismiss, the motion technically is one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion to dismiss under Rule 12(c) applies the same standard of review as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12 (b)(6), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a Rule 12(c) motion in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, without converting the motion into one for summary judgment. *Id*. The Court may also consider documents "attached to the motion to dismiss, so long as they are integral to the [petition] and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572

3

## III. Discussion

Respondent argues that Cabrera's petition should be dismissed for lack of jurisdiction, as his claim to any FSA time credits would be unripe. (ECF No. 8). Respondent is correct that Cabrera's claim would be unripe if he were ever entitled to apply any FSA time credits. However, Cabrera's petition can be dismissed on the merits, because his offense of conviction makes him statutorily ineligible to receive FSA time credits—as Cabrera himself acknowledged in his memorandum of law. (*See* ECF No. 2 at 2) ("According to the BOP's computation sheet Mr. Cabrera is classified as ineligible for FSA earned time credit because of his count of conviction (18 U.S.C. § 1201)").

The FSA created a system for federal inmates to earn time credits for completing various evidence-based recidivism reduction programming while incarcerated. 18 U.S.C. § 3632(d)(4)(A). Most inmates are eligible to earn FSA time credits, and those inmates may apply their earned time credits once certain criteria are met. *See* 18 U.S.C. §§ 3624(d), 3632(d). But inmates who have been convicted of particular offenses are not eligible to receive FSA time credits. 18 U.S.C. § 3632 (d)(4)(D). The list of disqualifying convictions includes "[a]ny section of Chapter 55, relating to kidnapping," 18 U.S.C. § 3632(d)(4)(D)(xxvi), which includes the kidnapping statute under which Cabrera was convicted—18 U.S.C. § 1201. Cabrera argues that he should be eligible because he was a first-time offender, and his conviction was non-violent.[1] (ECF No. 1 at 6). But the plain

---

[1] Cabrera elaborates on these arguments in his memorandum of law. (ECF No. 2). He appears to have confused the requirements of 18 U.S.C. § 3632 with statutory provisions governing the sentencing of defendants convicted of firearms-related offenses, including 18 U.S.C. §§ 924(c) and 924(e), as he makes numerous references to violent crime, the "force clause," and the "residual clause," and he cites to several cases interpreting these provisions. (*See* ECF No. 2 at 2–5). However, these sentencing provisions have no bearing on Cabrera's eligibility to earn FSA time credits.

4

language of 18 U.S.C. § 3632 makes no exceptions for first-time offenders or non-violent crimes. Because Cabrera is serving a sentence for a conviction under 18 U.S.C. § 1201, he is ineligible to receive FSA time credits. *See Hatfield v. Martinez,* No. 2:23-cv-00531, 2023 WL 7118794, at *1 (W.D. La. Oct. 4, 2023) *report and recommendation adopted,* No. 2:23-CV-00531, 2023 WL 7118064 (W.D. La. Oct. 27, 2023) ("Congress provided an extensive list of current convictions which are disqualifying [for FSA credits], to include 'any section of chapter 55, relating to kidnapping.' 18 U.S.C. § 3632(d)(4)(D)(xxvi). The Bureau of Prisons has no discretion to waive this legislative prohibition and may not award FSA Time Credits to any inmate who is serving a sentence for a violation of any section within chapter 55, including section 1201, kidnapping: 'Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or otherwise a person … shall be punished by imprisonment….' 18 U.S.C. § 1201."); *Padilla-Barron v. Warden*, No. CV 23-06461 SB (RAO), 2023 WL 8261562, at *2 (C.D. Cal. Nov. 7, 2023), *report and recommendation adopted,* No. CV 23-06461 SB (RAO), 2023 WL 8257964 (C.D. Cal. Nov. 28, 2023) ("Specifically a prisoner is ineligible to receive FSA credits if she is serving a sentence for conviction under '[a]ny section of Chapter 55, relating to kidnapping.'"). Accordingly, the undersigned **FINDS** Cabrera's petition should be dismissed as meritless.

IV.   **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Respondent's motion to dismiss, (ECF No. 8), be **GRANTED** on other grounds; Cabrera's § 2241 petition, (ECF No. 1), be **DENIED**; and this matter be **DISMISSED** and **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: June 7, 2024

Cheryl A. Eifert
United States Magistrate Judge